**In re TELEMAINTENANCE, INC., Debtors.**

**Bankruptcy No. 92–31340.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 20, 1993.

Edward F. Zoltanski, George R. Royer, for debtor.

John M. Roca and Jeffrey Julius, for IBEW, Local 1076.

Louis Yoppolo, trustee.

### *MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion of IBEW, Local 1076, AFL–CIO to Cancel Agreement and for Order to Return Payment. At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Motion of IBEW, Local 1076, AFL–CIO to Cancel Agreement and for Order to Return Payments should be Denied.

### *FACTS*

The following facts were adduced at the Hearing. Debtor employed Attorney George Royer for representation on issues which arose prior to the filing of Debtor's Bankruptcy Petition on April 7, 1992. Debtor concedes that Mr. Royer was compensated Two Thousand One Hundred and 00/100 Dollars ($2,100.00) for these services. Although Mr. Royer failed to produce verification of the work completed, his rec-

ollection of the work performed and compensation received are as follows:

| | | |
|---|---|---|
| May 12, 1991 | Minor work unrelated to bankruptcy | $ 400.00 |
| May 13, 1991 | Minor work unrelated to bankruptcy | $ 450.00 |
| March 19, 1992 | Union work unrelated to bankruptcy | $ 250.00 |
| March 31, 1992 | Fire sprinkler problem | $1,000.00 |
| | Total | $2,100.00 |

Mr. Royer's work on the bankruptcy case was performed pursuant to a flat fee agreement of Four Thousand Five Hundred and 00/100 Dollars ($4,500.00). Mr. Royer agreed to split this fee with Attorney Susan Howard who assisted him in preparing the Petition and attendant Schedules. The Court approved Mr. Royer's Application for Attorney Fees in the amount of Four Thousand Five Hundred and 00/100 Dollars ($4,500.00) on April 2, 1993. The Order approving attorney fees has not been appealed.

Kenneth Hatch, Principal Shareholder and Debtor's Chairman of the Board, and Susan Howard testified on Mr. Royer's behalf. According to Mr. Hatch, Mr. Royer was the attorney for the corporation's labor union. He spent approximately one hundred (100) hours with Mr. Royer on bankruptcy matters. During the first and second quarters of 1992, Debtor paid Mr. Royer Ten Thousand Dollars ($10,000.00) and Four Thousand and 00/100 Dollars ($4,000.00) respectively. He recalls that Mr. Royer was to be paid a flat fee of Four Thousand Five Hundred and 00/100 Dollars ($4,500.00) for his work in the bankruptcy case.

Ms. Howard verified that she and Mr. Royer had an agreement whereby she would be compensated for her preparation of Debtor's bankruptcy pleadings. According to her information and belief, she is entitled to Three Thousand and 00/100 Dollars ($3,000.00) from Mr. Royer's flat fee agreement with Debtor.

The following witnesses were called to testify by Debtor. Edward Zoltanski testified that he was retained as legal counsel for Debtor as of July 5, 1992. Other than advising the Court of the present status of the case, Mr. Zoltanski was unable to shed any light upon Mr. Royer's administration of the case.

Julian Tucker, Certified Public Accountant, testified that he maintained Debtor's financial records. He was unable to provide any additional information regarding Mr. Royer's billing.

Freida La Londe, Senior Stenographer at the Board of Building Appeals, testified that she personally observed Mr. Royer representing Debtor at two (2) meetings. The first meeting occurred on February 11, 1991, lasting ninety (90) minutes. The second meeting occurred on June 9, 1992 and lasted for one half (½) hours. She has no knowledge of Mr. Royer's billing procedures.

John Marlais, Building Inspector for the City of Toledo, testified that he saw Mr. Royer at hearings concerning Debtor's building on May 3, 1991 and July 31, 1991. He also received telephone calls from Mr. Royer; however, he has no information concerning Mr. Royer's billing procedures.

Robert Schwanzl, Assistant Fire Chief, testified that he had contact with Mr. Royer on three (3) to four (4) occasions. He, too, has no knowledge regarding Mr. Royer's mechanism for billing.

Mr. Royer's Secretary, Bernice Zales, testified that to the best of her recollection, Mr. Royer spent more than thirty (30) hours on Debtor's cases. On the sprinkler system problem alone, Mr. Royer spent approximately fourteen (14) hours. Although she recalls preparing some of Mr. Royer's bills, Ms. Zales does not recall the number of hours expended or the specific services

rendered by Mr. Royer on issues confronting the labor union.

Robert Clark, Business Manager for IBEW, testified that he met with Mr. Royer on three (3) or four (4) occasions. The total time spent with Mr. Royer ranged from three (3) to twelve (12) hours.

## LAW

**11 U.S.C. § 329**

**§ 329. Debtor's transactions with attorneys.**

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

## DISCUSSION

The administration of this estate includes review of attorney compensation tendered one (1) year prior to the filing of the Debtor's Petition in Bankruptcy. Under 28 U.S.C. § 157(b)(2)(A), IBEW's Motion arises in a case under Title 11 and is a core proceeding.

■ Excluded from this Court's examination of these proceedings is Mr. Royer's award of attorney fees for his representation of Debtor in the bankruptcy case. That Order is deemed final since Mr. Royer has been discharged as attorney of record and his fees have been conclusively determined. See *In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir.1983). Since no appeal has been taken, the Order granting Mr. Royer's attorney fees of Four Thousand Five Hundred and 00/100 Dollars ($4,500.00) is *res judicata*.

The remaining issues before this Court are specifically whether the fees paid to Debtor on May 12, 1991; May 13, 1991; March 19, 1992; and March 31, 1992; are for services rendered or to be rendered in contemplation of or in connection with these bankruptcy proceedings; and whether said fees exceed the reasonable value of any such services.

■ Section 329 of the Bankruptcy Code grants the Bankruptcy Court authority to cancel any agreement between Debtor and counsel for any services rendered in contemplation of or in connection with the case if the payment or agreement is made after one (1) year preceding the date that the petition is filed. If the court determines that the compensation paid exceeds the reasonable value of the services rendered, the agreement may be cancelled and payments returned to the estate or other payee.

■ Only compensation "for services rendered or to be rendered in contemplation of or in connection with the case" by Debtor's attorney is subject to Section 329. "In contemplation of" generally denotes that the impelling cause of the transaction is influenced by the possibility or imminence of a bankruptcy proceeding. *Tripp v. Mitschrich*, 211 F. 424 (8th Cir.1914).

■ In the instant case, Mr. Royer's services were rendered to Debtor within one (1) year prior to the filing of Debtor's Petition in Bankruptcy. Mr. Royer's argument pivots upon a determination of whether his services were rendered in contemplation of or in connection with these bankruptcy proceedings. Mr. Royer's unrefuted testimony is that payments tendered on May 12,

1991; May 13, 1991; March 13, 1992: and March 19, 1992; were for services unrelated to Debtor's bankruptcy case. There is ample testimony from Debtor's own witnesses to corroborate Mr. Royer's representation of the union on issues unrelated to Debtor's bankruptcy case. Debtor's argument disintegrates upon its failure to show a nexus between the services rendered by Mr. Royer within the year preceding the bankruptcy and these bankruptcy proceedings.

Based upon the foregoing, this Court finds the services rendered by Mr. Royer on May 12, 1991; May 13, 1991; March 13, 1992; and March 19, 1992, were not in contemplation of or in connection with the Debtor's bankruptcy case and therefore not subject to the application of Section 329 by this Court. For these reasons, IBEW's Motion to Cancel Agreement and to Return payment should be Denied.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Motion of IBEW, Local 1076, AFL–CIO to Cancel Agreement and for Order to Return Payment be, and is hereby, **DENIED.**